1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF WASHINGTON
                            AT TACOMA

8

KEITH L NASH,
9
                          Plaintiff,              CASE NO. C14-5997 BHS-KLS
10
                                                  ORDER TO SHOW CAUSE
            v.
11

GARRY E. LUCAS, RICHARD J.
12   BISHOP, ANDERSON, SCHMIERER,
     JONES, HUFF,
13
                          Defendants.
14

15         This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28

16   U.S.C. § 636(b)(1), Local Rules MJR 3 and 4. Plaintiff's application to proceed *in forma*

17   *pauperis* (Dkt. 1) is pending.  The Court has reviewed Mr. Nash's proposed civil rights

18   complaint alleging a denial of access to courts.  Dkt. 1-1.  The allegations in the complaint relate

19   to jail officials not allowing plaintiff to make non-collect phone calls to his bank so that he could

20   verify the amount of funds available and possibly post bail (Dkt. 1-1).

21         For the reasons set forth below, the Court declines to serve the complaint in this case.

22   Plaintiff shall show cause why this case should not be dismissed.  In the meantime, the Court

23   will hold his application to proceed *in forma pauperis* (Dkt. 1) pending Plaintiff's response to

24   this Order so that Plaintiff will not incur the $350.00 filing fee debt.

ORDER TO SHOW CAUSE- 1

**DISCUSSION**

Pursuant to the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986).  42 U.S.C. § 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.  *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

The due process clause of the United States Constitution guarantees prisoners the right of meaningful access to the courts.  *Bounds v. Smith*, 430 U.S. 817, 821 (1977).  In *Bounds,* the Supreme Court held that the right of access imposes an affirmative duty on prison officials to assist inmates in preparing and filing legal papers, either by establishing an adequate law library or by providing adequate assistance from persons trained in the law.  *Id*. at 828.  In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court held that a prisoner must show some actual injury resulting from a denial of access in order to allege a constitutional violation.  *Id*. at 349.  An actual injury consists of some specific instance in which an inmate was actually denied meaningful access to the courts.  *Lewis*, 518 U.S. at 350–55 (1996).

ORDER TO SHOW CAUSE- 2

1    An incarcerated person does not have a free standing right to a law library, and it is

2  prison or jail officials, not the inmate, who chose the manner in which the state fulfills its

3  obligation to provide access to courts. *Storseth v. Spellman*, 654 F.2d 1349 (9th Cir. 1981).

4  Access requires state officials to assist in the preparation and filing of meaningful legal papers by

5  providing adequate law libraries or adequate legal assistance from persons trained in the law.

6  *Bounds v. Smith*, 430 U.S. at 828; *Storseth*, 654 F.2d at 1352.

7    The right of access to courts is limited and it does not "guarantee inmates the

8  wherewithal to transform themselves into litigating engines capable of filing everything from

9  shareholder derivative actions to slip-and-fall claims." *See Lewis*, 518 U.S. at 355.  The right is

10  constrained to actions challenging their sentences directly or collaterally, and to civil rights

11  actions challenging their conditions of confinement. *Id.*  "Impairment of any other litigating

12  capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction

13  and incarceration." *Id.*  The Supreme Court has limited an inmate's right to access the courts to

14  those situations involving his sentence or current conditions of confinement. *See Lewis*, 518

15  U.S., at 355.

16    Thus, the right of access to the courts is limited to non-frivolous direct criminal appeals,

17  habeas corpus proceedings, and § 1983 actions. *See Lewis*, 518 U.S. at 353 n.3, 354-55;

18  *Simmons v. Sacramento Cnty. Super. Ct.*, 318 F.3d 1156, 1159-60 (9th Cir. 2003) (explaining

19  that "a prisoner has no constitutional right of access to the courts to litigate an unrelated civil

20  claim."); *Madrid v. Gomez*, 190 F.3d 990, 995 (9th Cir. 1999).  The right of access to the courts

21  is only a right to bring complaints to the federal court and not a right to discover such claims or

22  to litigate them effectively once filed with a court. *See Lewis*, 518 U.S. at 354-55; *Madrid*, 190

23  F.3d at 995; *Cornett v. Donovan*, 51 F.3d 894, 898 (9th Cir. 1995) ("[W]e conclude the Supreme

24  Court has clearly stated that the constitutional right of access requires a state to provide a law

library or legal assistance only during the pleading stage of a habeas or civil rights action."). Obviously if the state offered plaintiff assistance of counsel in his criminal action, it has met its duty to provide access to courts as plaintiff has the assistance of someone trained in the law.

On the basis of these standards, plaintiff has failed to state a claim upon which relief can be granted.  Plaintiff's inability to contact his bank to verify his balance and perhaps post bail is not within the scope of access to courts.

Plaintiff is ORDERED to show cause why the Court should not deny his application to proceed *in forma pauperis* and dismiss this case as frivolous.  Plaintiff must file a response with this Court on or before **February 13, 2015**.  If he fails to do so, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g).  Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

DATED this 8th day of January, 2015.

Karen L. Strombom
United States Magistrate Judge