UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEITH L. NASH,

Plaintiff,

v.

GARRY E. LUCAS, et al.,

Defendants.

CASE NO. C14-5997

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 10), and Plaintiff Keith Nash's ("Nash") objections to the R&R (Dkt. 11).

On March 16, 2015, Nash filed an amended complaint under 42 U.S.C. § 1983 against Defendants Garry Lucas, Richard Bishop, Sergeant Anderson, Sergeant Schmierer, Sergeant Jones, and Sergeant Huff (collectively "Defendants"). Dkt. 9. Nash is a pre-trial detainee being held in Clark County Jail. *Id.* ¶ 3. Nash alleges that Defendants violated his Fourteenth Amendment due process rights by denying him telephone access to call his bank. *Id.* ¶¶ 9–15. Nash also alleges that Defendants violated

his due process rights by failing to provide grievance forms and by failing to respond to his grievances in a timely manner. *Id.*

On April 6, 2015, Judge Strombom issued the R&R recommending that the Court dismiss this action for failure to state a claim with the dismissal counting as a strike. Dkt. 10. Judge Strombom determined that Nash failed to demonstrate a violation of his right to communicate with persons outside the prison. *Id.* at 4–5. Judge Strombom also concluded that Nash failed to state a claim with respect to the grievance process. *Id.* at 5–6.

Federal Rule of Civil Procedure 72(b) governs objections to a magistrate judge's recommended disposition. Rule 72(b) provides as follows:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Nash's objections only concern his telephone access claim. Dkt. 11 at 3. Nash contends that he was unable to successfully contact his bank using the methods of communication provided by Defendants. *Id.* at 3–5. As Judge Strombom discussed in the R&R, Defendants provided Nash with both telephone access and the bank's mailing address. *See* Dkt. 11, Ex. B at 12 ("[Nash] used the rover phone [on February 13, 2015] to get in touch with [his] bank."); *id.* at 15 ("[Nash was] allowed use of a direct phone line for approx. 40 minutes on 04-09-15 [to contact his bank]."); *id.* at 16 (providing Nash with the bank's mailing address). Although these methods of communication

apparently did not work for the particular bank Nash was trying to contact, Nash was not denied the right to communicate. *See Valdez v. Rosenbaum*, 302 F.3d 1039, 1048–49 (9th Cir. 2002).

Therefore, the Court having considered the R&R, Nash's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) This action is **DISMISSED**; and

(3) This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

Dated this 11th day of June, 2015.

BENJAMIN H. SETTLE
United States District Judge